**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BILLIE JEAN MILSTEAD, | No. 09-35181 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00100-RRB |
| v. | |
| MARK BEGICH; WALTER C. MONEGAN; THE MUNICIPALITY OF ANCHORAGE; JOHN DOES, 1-20 inclusive, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted January 14, 2010[**]
Seattle, Washington

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

The parties are familiar with the facts of the case and we do not repeat them

here. Plaintiff Billie Jean Milstead ("Milstead") appeals a district court order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

granting Defendants' motion to dismiss. Milstead brought suit under 42 U.S.C. § 1983 alleging Defendants deprived her of due process by making defamatory statements that (1) damaged her reputation, (2) caused the owners of the Panhandle bar in Anchorage, Alaska, to terminate her employment, and (3) caused her peers in the hospitality industry to "ostracize" her. We affirm.

First, applying *Paul v. Davis*, 424 U.S. 693 (1976), we have held that "reputation, without more, is not a protected constitutional interest." *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 374 (9th Cir. 1999) (en banc) (citation omitted). Therefore, Milstead's allegation that Defendants' statements resulted in damage to her reputation in the Anchorage hospitality industry does not provide a federal cause of action, as her reputation alone is not a constitutionally protected liberty or property interest.

Second, we have noted that "where the actions of private individuals operate to deprive an individual of his employment, a suit for interference with private contractual relationships would lie, but where government officials are involved, the nature of the interest at stake in private employment is a property interest." *Merritt v. Mackey*, 827 F.2d 1368, 1371 (9th Cir. 1987). Nevertheless, "[f]or the purpose of due process, [a plaintiff] must show that [s]he had more than a 'unilateral expectation' of continued employment; [s]he must demonstrate a

'legitimate claim of entitlement.'" *Id.* (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

The Supreme Court has repeatedly held there is no Fourteenth Amendment property interest in an at-will employment contract. *See, e.g.*, *Roth*, 408 U.S. at 578 (holding at-will college professor had no liberty or property interest in his continued employment within the meaning of the Fourteenth Amendment); *Bishop v. Wood*, 426 U.S. 341, 348 (1976) (holding employee may be discharged without the requirement of fair procedures where position is one the applicable law defines as terminable for any reason). Milstead does not allege anything more than an at-will employment. Her complaint contains no representation that she even had a contract. As a result, she has not alleged that she had "more than a 'unilateral expectation' of continued employment." *Merritt*, 827 F.2d at 1371.

Third, even if liberally construed, Milstead's allegation that she has been "ostracized by her peers and nearly all others in the bar industry" does not sufficiently articulate a claim that she has been foreclosed from future employment. Milstead has not alleged that an employer refused to hire her as a result of Defendants' statements. Her allegations therefore have not raised "a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, her federal claims fail.

3

Finally, Milstead argues that the district court erred in dismissing her federal claims with prejudice without *sua sponte* giving her leave to amend her complaint. "Where a party never asked for permission, its argument that the 'district court should have permitted' is without force." *Alaska v. United States*, 201 F.3d 1154, 1163 (9th Cir. 2000). As Milstead never asked for permission to amend her complaint, she cannot now argue that the district court erred in not permitting an amendment.

**AFFIRMED.**